IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20-cv-00242-MOC-WCM

| | |
|---|---|
| DONNA S SHOOK )<br>*as Executrix of the Estate of* )<br>Jean S. Satterfield )<br>*also known as* )<br>Jean S. Penland )<br>)<br>     **Plaintiff,** )<br>v. )<br>)<br>BOSTON SCIENTIFIC CORPORATION )<br>)<br>     **Defendant.** )<br>) | ORDER |

Before the Court are two Motions to Seal filed by Defendant Boston Scientific Corporation. Docs. 32, 40.

The first Motion to Seal (Doc. 32) requests the sealing of certain documents connected with Defendant's "Motion to Exclude Scott R. Lucas, Ph.D, P.E." (the "Motion to Exclude," Doc. 34"). The second Motion to Seal (Doc. 40) pertains to the sealing of certain documents connected with Defendant's Motion for Summary Judgment (Doc. 42).[1] Defendant asserts that the subject documents contain confidential regulatory, proprietary, and trade secret information. See Doc. 33 at 3; Doc. 41 at 3.

---

[1] Both the Motion to Exclude and the Motion for Summary Judgment are pending before the District Court.

In evaluating a motion to seal, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

Additionally, Local Civil Rule 6.1 states that "there is a presumption under applicable common law and the First Amendment that materials filed in this Court will be filed unsealed." LCvR 6.1(a). To support sealing, a party must set forth, among other things: (1) a non-confidential description of the material sought to be sealed; (2) a statement indicating why sealing is necessary and why there are no alternatives to filing under seal; and (3) supporting statutes, case law, or other authority. LCvR 6.1(c).

The undersigned has considered the Motions to Seal, the public's interest in access to the subject documents, and alternatives to sealing. Further, it appears that Defendant has complied with the requirements of Local Civil Rule 6.1.

The public has been provided with notice of the Motions to Seal; the Motions have been pending since February 21, 2022 and Defendant has described the documents to be sealed and the arguments in support of the Motions. Although the Motions do not indicate Plaintiff's position with respect

2

Case 1:20-cv-00242-MOC-WCM Document 61 Filed 03/08/22 Page 2 of 4

to the sealing requests, Plaintiffs have not filed a response in opposition to either Motion. Finally, Defendant has represented that the subject material contains competitively sensitive confidential and proprietary information. See Whirlpool Properties, Inc. v. Filters Fast, LLC, No. 3:17-CV-601-FDW-DCK, 2019 WL 553452 at *2 (W.D.N.C. Feb. 12, 2019).

The undersigned concludes, based on the information before the Court at this time, that Defendant has made a sufficient showing and that the Motions should be allowed. This ruling, however, may be subject to further consideration by the District Court in connection with Defendant's "Motion to Exclude Scott R. Lucas, Ph.D, P.E." (Doc. 34) and/or Defendant's Motion for Summary Judgment (Doc. 42), or upon a subsequent motion to unseal the subject documents.

**IT IS THEREFORE ORDERED THAT**:

1. Defendant Boston Scientific Corporation's Motion to Seal (Doc. 32) is **GRANTED**, and the following documents are **SEALED** and shall remain sealed until further Order of the Court:

    a. Exhibit A to Defendant's Motion to Exclude: Aug. 5, 2011 Watchman Premarket Approval ("PMA") submission (Doc 37).

    b. Exhibit B to Defendant's Motion to Exclude: Section 5 Device Description of PMA Application (Doc. 38).

    c. Exhibit D to Defendant's Motion to Exclude: Complaint

Summary Report ("CSR") (Doc. 39).

2. Defendant Boston Scientific Corporation's Motion to Seal (Doc. 40) is **GRANTED**, and the following documents are **SEALED** and shall remain sealed until further Order of the Court:

   a. Exhibit A to Defendant's Motion for Summary Judgment: CSR (Doc. 45).

   b. Exhibit C to Defendant's Motion for Summary Judgment: Complaint Details Report for 30mm Watchman device (Doc. 46).

   c. Exhibit D to Defendant's Motion for Summary Judgment: Device History Record Report for SAP Batch 21428671 (Doc. 47).

   d. Exhibit J to Defendant's Motion for Summary Judgment: PKP LLC Inspection Report (Doc. 48).

   e. Exhibit K to Defendant's Motion for Summary Judgment: ISIMAC MACHINE COMPANY INC., Return Routing Disposition Report (Doc. 49).

Signed: March 8, 2022

W. Carleton Metcalf
United States Magistrate Judge