IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20-cv-00242-MOC-WCM

| | |
|---|---|
| DONNA S SHOOK )<br>*as Executrix of the Estate of* )<br>Jean S. Satterfield )<br>*also known as* )<br>Jean S. Penland )<br> )<br>          **Plaintiff,** )<br>v. )<br> )<br>BOSTON SCIENTIFIC CORPORATION )<br> )<br>          **Defendant.** )<br> ) | ORDER |

Before the Court is Plaintiff's Motion to Seal (Doc. 62), by which Plaintiff requests that certain documents, which have been filed as exhibits to Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment or Plaintiff's Memorandum in Opposition to Defendant's Motion to Exclude, be sealed.

Plaintiff states that the subject documents were marked as "confidential" pursuant to the parties' Stipulated Protective Order, and that the documents appear to contain Defendant's confidential and sensitive communications and information. Doc. 62 at 3.

In evaluating a motion to seal, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to

object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

Additionally, Local Civil Rule 6.1 states that "there is a presumption under applicable common law and the First Amendment that materials filed in this Court will be filed unsealed." LCvR 6.1(a). To support sealing, a party must set forth, among other things: (1) a non-confidential description of the material sought to be sealed; (2) a statement indicating why sealing is necessary and why there are no alternatives to filing under seal; and (3) supporting statutes, case law, or other authority. LCvR 6.1(c).

Here, the public has been provided with some notice of the Motion to Seal; the Motion has been pending on the docket since March 8, 2022. Plaintiff has described the documents to be sealed and the arguments in support of the Motion. Plaintiff's counsel believes the documents contain confidential and sensitive communications and information and understands them to contain information that is not available to the public. It also appears that the subject documents are similar to those previously sealed in this matter. See Doc. 61; see also Whirlpool Properties, Inc. v. Filters Fast, LLC, No. 3:17-CV-601-FDW-DCK, 2019 WL 553452 at *2 (W.D.N.C. Feb. 12, 2019).

The undersigned concludes, based on the information before the Court

2

Case 1:20-cv-00242-MOC-WCM   Document 67   Filed 03/17/22   Page 2 of 4

at this time, that Plaintiff has made a sufficient showing and that the Motion should be allowed. This ruling, however, may be subject to further consideration by the District Court in connection with Defendant's "Motion to Exclude Scott R. Lucas, Ph.D, P.E." (Doc. 34) and/or Defendant's Motion for Summary Judgment (Doc. 42), or upon a subsequent motion to unseal the subject documents.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion to Seal Documents (Doc. 62) is **GRANTED**, and the following documents are **SEALED** and shall remain sealed until further Order of the Court:

1. Exhibit C to Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment: "Manufacturing Process: Watchman Join Implant and Inspection." Doc. 51.

2. Exhibit F to Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment: "Device History Record Report." Doc. 52.

3. Exhibit H to Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment: "Complaint Summary Report." Doc. 53.

4. Exhibit J to Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment: "Vintage System 3500A Report." Doc. 54.

5. Exhibit I to Plaintiff's Memorandum in Opposition to Defendant's Motion to Exclude: "Watchman Device 'Join Implant and Inspection' Manufacturing Process Document." Doc. 57.

6. Exhibit J to Plaintiff's Memorandum in Opposition to Defendant's Motion to Exclude: correspondence (titled Special PMA Supplement) between BSC and the Food and Drug Administration. Doc. 58.

7. Exhibit K to Plaintiff's Memorandum in Opposition to Defendant's Motion to Exclude: "Complaint Summary Report." Doc. 59.

Signed: March 17, 2022

W. Carleton Metcalf
United States Magistrate Judge